

U.S. Department of Justice

*United States Attorney*
*District of Columbia*

**FILED**
JUN - 9 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

May 6, 2011

**VIA ELECTRONIC MAIL**

Richard Seligman, Esq.
1350 Connecticut Avenue, N.W.
Suite 202
Washington, D.C. 20036-1722
rickselig@aol.com

      Re: <u>United States v. Kenard Walston, 10-CR-110 (RBW)</u> -3

Dear Mr. Seligman:

      This letter sets forth the entire plea offer to your client, Kenard Walston, from the Criminal Division of the United States Attorney's Office for the District of Columbia (hereinafter "Government" or "this Office"). This plea offer supercedes any and all previous plea offers. It will expire on May 13, 2011. If your client accepts the terms and conditions of this plea offer, please have him execute this document in the space provided below. Upon receipt by the Government, the signed letter will become the Plea Agreement. The terms of the plea offer are as follows:

**I.**     **Charge and Statutory Penalties**

      Your client agrees to waive his right to a grand jury Indictment, waive federal venue, and plead guilty to a one-count criminal Information, a copy of which is attached, that charges False Statement, in violation of 18 U.S.C. § 1001(a)(2).

      Your client understands that, pursuant to 18 U.S.C. § 1001, False Statement carries a maximum sentence of 5 years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, and an obligation to pay any applicable interest or penalties on fines not timely made.

      In consideration of your client's guilty plea to the above offense, the Government will dismiss the counts against him in the Indictment and your client will not be further prosecuted criminally by this Office for the conduct set forth in the Indictment. In addition, after your client has been sentenced in this case, the Government will dismiss the counts against Tanya Hubbard in the Indictment.

## II. Factual Stipulations

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which he is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## III. Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### A. Offense Level under Guidelines

U.S.S.G. § 2B1.1 (False Statement)

(a)   Base Offense Level                 6

                                    TOTAL    6

#### Acceptance of Responsibility: 2-Level Reduction

The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Plea Agreement, and subsequent conduct prior to the imposition of sentence. Accordingly, the applicable Guidelines Offense Level is **4**.

### B. Criminal History Category

The parties calculate that your client's Criminal History Category is **I**. However, your client understands and agrees that the United States Probation Office will conduct a thorough search of your client's criminal history and will make a formal determination of your client's Criminal History Category for purposes of sentencing.

### C. Applicable Guidelines Range

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is **0 to 6 months** (hereinafter "Stipulated Guidelines Range"). In addition, the parties agree

that, should the Court impose a fine, at Guidelines level 4, the applicable fine range is **$250 to $5,000.**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### IV.   Agreement as to Sentencing Allocution

The parties agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). The Government agrees not to oppose a sentence of probation in this case.

Nothing in this Plea Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea after it is entered, or should it be determined that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Plea Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Plea Agreement.

### V.   Court Not Bound by Plea Agreement

Your client understands that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### VI.   Court Not Bound by Non-Mandatory Sentencing Guidelines

Your client understands that the sentence to be imposed upon him is determined solely by the Court. Your client also understands that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that his entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw his plea of guilty should the Court impose a sentence outside the Guidelines range.

3

## VII. Appeal Waiver

Your client understands that 18 U.S.C. § 3742 affords him the right to appeal the sentence in this case. Your client further understands that the Government's factual stipulations and predictions about the calculation of the applicable Guidelines range are not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences your client to a period of imprisonment longer than the statutory maximum. Further, your client reserves the right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that his sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and voluntarily waives his right to appeal the sentence, to the extent noted above, in exchange for the valuable concessions made by the Government in this Plea Agreement.

## VIII. Release/Detention

Your client understands that, although the Government will not seek to incarcerate your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea. The Government may move to change your client's conditions of release if (a) your client engages in further criminal conduct prior to sentencing, (b) your client violates a court order, or (c) the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to any person or the community.

## IX. Breach of Plea Agreement

Your client understands and agrees that if, after entering into this Plea Agreement, he fails specifically to perform or to fulfill completely each and every one of his obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach, (a) the Government will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.

Your client knowingly and voluntarily waives the rights that arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, or to obstruct justice. Furthermore, nothing in this Plea Agreement shall be construed to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw his guilty plea.

### X.     Waiver of Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### XI.    Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney from this Office.

Your client further understands that this Plea Agreement is binding only upon the Criminal Division of the Office of the United States Attorney for the District of Columbia. This Plea Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, you and your client may so indicate by signing the Plea Agreement in the space provided below and returning the signed original to me, along with the signed original of the attached Statement of the Offense.

Sincerely yours,

Ronald C. Machen Jr.
United States Attorney

Vasu B. Muthyala
David S. Johnson
Assistant United States Attorneys
(202) 252-7874 (Muthyala)
(202) 252-7873 (Johnson)

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Richard Seligman, Esq. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 6-9-11

Kenard Walston
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 6/9/11

Richard Seligman, Esq.
Attorney for the Defendant

7