**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN - 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 10-CR-110 (RBW) -3 |
| v. : | Violation: |
| : | 18 U.S.C. § 1001 (False Statement) |
| KENARD WALSTON, : | |
| Defendant. : | |

## STATEMENT OF THE OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant KENARD WALSTON ("WALSTON") agrees and stipulates as follows:

Unless otherwise indicated, at all times material to this Statement of the Offense:

1. Hoya Federal Credit Union ("HFCU") was a credit union for the Georgetown University faculty, staff, and their family members and was located on the Georgetown University campus in Washington, D.C.

2. In or about April 2003, REGINALD CLARK ("CLARK") was employed as HFCU's accountant.

3. In or about April 2003, WALSTON was a cousin of CLARK and resided in Norwich, Connecticut.

4. In or about April 2003, TANYA HUBBARD ("HUBBARD") was the wife of WALSTON and the two resided together in Norwich, Connecticut.

5. WALSTON and HUBBARD maintained a joint savings account at People's Bank, a financial institution located in Bridgeport, Connecticut.

6. On or about April 21, 2003, funds was transferred by wire from HFCU to WALSTON

and HUBBARD's joint savings account at People's Bank.

7.  On of about April 23, 2009, WALSTON was interviewed by agents of the Federal Bureau of Investigation ("FBI"), a federal law enforcement agency, as part of an official investigation relating to the wire transfer that occurred on or about April 21, 2003. At the beginning of the interview, WALSTON was advised by the FBI agents of the nature of the interview. WALSTON was also advised that lying to federal agents was a violation of federal law. WALSTON acknowledged that he understood these advisements and stated that he intended to tell the truth. WALSTON voluntarily agreed to be interviewed.

8.  During the interview, WALSTON told the FBI agents that he did not know CLARK.

9.  In truth and in fact, WALSTON knew CLARK. In addition to being a cousin of CLARK, WALSTON was a best man at CLARK's wedding in or about August 2003 and CLARK had paid for airplane tickets for WALSTON and HUBBARD in the past.

## DEFENDANT'S ACCEPTANCE

I have read every word of this three-page Statement of the Offense. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and after consulting with my attorney, I agree and stipulate to this Statement of the Offense.

Date: 5-20-2011

Kenard Walston
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have discussed this Statement of the Offense with my client, Kenard Walston. I concur with his decision to stipulate to this Statement of the Offense.

Date: 6/9/11

Richard Seligman, Esq.
Attorney for the Defendant

3